## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
|     Warren S. Keels, | ) | Chapter 13 |
| | ) | |
|     Debtor(s). | ) | Bk. Case No:  15-11282 |

## <u>CHAPTER 13 PLAN</u>

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE
SUBJECT TO DEL. BANKR. L.R. 3023-1.

The future earnings of the debtor are submitted to the supervision and control of the Court and the
Debtor's employer shall pay to the trustee the sum of **$997.00 (monthly)** for months <u>**1-60**</u>.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make
disbursements as follows:

    1. Full payment in deferred cash payments of all claims entitled to priority under
      11 U.S.C. Section 507.

        (A) Debtor's Counsel Fees:
            - **<u>$2,860.00</u> to be paid as an administrative claim then pro rata to secured
             creditors.**

        (B) Priority Taxes:
            - **The <u>IRS</u> shall be paid a total amount of <u>$6,800.00</u> for the <u>2014</u> Federal
             Taxes.**
            - **The <u>State of Delaware</u> shall be paid <u>$700.00</u> for the <u>2014</u> State Taxes.**

        (C) Other Priority or Administrative Expenses – **<u>NONE.</u>**

    2. (As applicable -Pro-rata with or subsequent to) dividends to priority creditors, holders of
    allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

        (A) Long term or mortgage debt –

            - 1st Mortgage: **PRE-PETITION ARREARAGE**, to be paid to **<u>N/A.</u>**
            **<u>$N/A</u>** *(N/A).*  Debtor shall continue to make regular post-petition payments
            directly to **<u>N/A.</u>**

        *This Section of the Plan specifically incorporates all of the provisions affecting
        mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so
        governed.*

*1    Page 2*

(B) Secured Vehicle debt (cramdown) - Pro-rata payments to:
- **PNC Bank** in the amount of **$15,000.00** for payment in full of the value of the property or in equal monthly payments of **$250.00** per month for the **2011 Nissan Altima.** Total payments will be **$15,000.00.** *Upon receipt of said sum, PNC Bank is to mark the Lien Satisfied and shall return the Title to the debtor.*

- **Nissan Corp.** in the amount of **$25,000.00** for payment in full of the value of the property or in equal monthly payments of **$417.00** per month for the **2013 Nissan Altima**. Total payments will be **$16,000.00**. *Upon receipt of said sum, Nissan Corp. is to mark the Lien Satisfied and shall return the Title to the debtor.*

(C) Secured Vehicle debt (910 car claim) - Pro-rata payments to **N/A** in the full amount of the vehicle claim or in equal monthly payments of **$0.00** per month for the **N/A.** Total payments will be **$0.00.**

(D) Other secured debt: **NONE.**

3.   Surrender - Secured Collateral to:
- **Seterus.  The property located at 927 W. Birdie Lane, Magnolia, Delaware 19962 shall be surrendered to Seterus Inc.**

- **Vivint-  The security system shall be surrendered to Vivint Home Security.**

*Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.*

4.   Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid **[    ]** a dividend of 100% of their allowed claim or **[    ]** a pro rata dividend of **1. _____ BIOC** or **2. _____Disp. Income x 60 months as calculated under Section 1325(b)**, or **[X] a pro-rata dividend**, if any.

5.   (If applicable) The following leases or executory contracts of the debtor will be treated  as follows:

6.   Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee.  Upon conversion of this case to Chapter 7, or dismissal, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

7.   Other special provisions of the Plan:
**- Student Loans with Sallie Mae to be paid direct.**

8.  A proof of claim must be filed in order to share in distributions under the plan.  A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the United States Bankruptcy Court, District of Delaware website (http://www.deb.uscourts.gov) and click on the Programs & Services tab, then select Filing a Claim. Click on "Submit a Proof of Claim" link and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go the United States Bankruptcy Court, District of Delaware website (http://web.deb.uscourts.gov) and click on the Forms tab. Select All Forms from the drop down menu, then select B10-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.


**/s/Warren S. Keels**                                         **06/12/2015**
**Debtor's Signature**                                         **Date**


**/s/Stephan J. Holfeld, Esq.**                                **06/12/2015**
**STEPHAN J. HOLFELD, ESQ.**                                   **Date**
**107 S. Main Street**
**Camden, DE  19934**
**(302) 674-5757 (Telephone)**
**(302) 674-5929 (Facsimile)**
**Attorney for Debtor(s)**

## PLAN ANALYSIS

Debtor(s):     Warren S. Keels                                   Chapter 13
                                                                 Case No.  15-11282

Prior:  NONE

Estimated Length of Chapter 13 Plan:     **60 months**

---

### 3    *Trustee Use*

*4*
*5    Sec. 341 Meeting Date:*
Continued:
Confirmed Date:

---

### TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

| | | |
|---|---|---|
| **A.** | **TOTAL PRIORITY CLAIMS (Class One)** | |
| | **1.  Unpaid Attorney Fees** | **$ 2,860.00** |
| | **2.  Taxes** | **$ 7,500.00** |
| | **3.  Other** | **$ 0.00** |
| **B.** | **TOTAL OF PAYMENTS**<br>**- CURE DEFAULTS (Class Two)** | **$ 0.00** |
| **C.** | **TOTAL OF PAYMENTS**<br>**- SECURED CLAIMS (Class Three)** | **$ 40,000.00** |
| **D.** | **TOTAL OF PAYMENTS**<br>**- UNSECURED CLAIMS (Class Four)** | **Pro Rata** |
| **E.** | **SUB-TOTAL** | **$53,838.00** |
| **F.** | **TOTAL TRUSTEE'S COMPENSATION**<br>**(10 % of payment)** | **$ 5,982.00** |
| **G.** | **TOTAL DEBT & ADMINISTRATIVE EXPENSES** | **$59,820.00** |